### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CAROL MARIN, PHILIP ROGERS, ALISON FLOWERS, ROBIN AMER, LINDSEY DORCUS, YOHANCE LACOUR, and VICTORIA NASSIF, each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALPHABET, INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 1:26-cv-05436<br><br><br>Honorable April M. Perry |

**GOOGLE'S NOTICE OF CONSTITUTIONAL CHALLENGE**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.1**

**TO THE COURT, THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS,**

**AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to Federal Rule of Civil Procedure 5.1(a), Defendants Alphabet, Inc. and Google LLC (together, "Google") hereby give notice that their Motion to Dismiss the Complaint and supporting Memorandum of Law, filed on July 27, 2026 (Doc. Nos. 27, 27-1), call into question the constitutionality, as invoked by Plaintiffs in this case, of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq.; the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 et seq.; the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq.; and the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 et seq. ***Google does not challenge the facial validity of any Illinois statute or***

1

*provision.* The State of Illinois is not a party to this action, and no Illinois officer, agency, or employee is a party in an official capacity.

Specifically, Google argues:

**1. Dormant Commerce Clause—BIPA (Counts I–V).** Google argues that Plaintiffs' proposed construction of BIPA—under which BIPA would reach the training of voice-generation models on recordings that third parties published to a worldwide audience, by personnel and infrastructure located outside Illinois—would permit Illinois to regulate conduct occurring wholly outside the State and would impose burdens on interstate commerce clearly excessive in relation to any putative local benefit. This raises a substantial question as to BIPA's constitutionality under the Commerce Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 3. Google asks the Court to avoid that question under the canon of constitutional avoidance by construing BIPA not to reach the conduct alleged. Google does not contend that BIPA is unconstitutional on its face. Google gives this notice out of an abundance of caution because its motion places the constitutionality of BIPA, as Plaintiffs would apply it, at issue.

**2. First Amendment—All Counts.** Google contends that the First Amendment to the United State Constitution bars Plaintiffs' state-law claims (Counts I–IX) because they seek to impose liability on constitutionally protected expressive activity, including the selection and assembly of training material, the development and training of the models, the offering of the models to the public, and the generation of outputs in response to user prompts. To the extent this argument is understood to draw into question the constitutionality and scope of BIPA, IRPA, ICFA, and UDTPA, Google gives notice as to each of those statutes. However, Google argues that Plaintiffs fail to allege a violation of these statutes in the first place and that, like the dormant

Commerce Clause issue, the court should avoid the constitutional issues by construing these statutes not to reach the conduct alleged.

**3. First Amendment—IRPA Section 30(b) (Count VI).** Google contends that the unauthorized-digital-replica provision of IRPA, 765 ILCS 1075/30(b), together with its exemptions at 765 ILCS 1075/35(c), is unconstitutional as applied to Google's development, training, and public release of general-purpose voice-generation models. Google contends that Section 30(b) is a content-based restriction on protected, noncommercial expression that cannot survive strict scrutiny, and that, as enforced through the model-wide relief Plaintiffs seek, it is unconstitutionally overbroad, in violation of the First Amendment to the United States Constitution.

Copies of this Notice, as well as Google's Motion to Dismiss and supporting documents, have been served via registered U.S. Mail on the Attorney General of Illinois at the following address:

Kwame Raoul, Illinois Attorney General
Office of the Illinois Attorney General
Chicago Main Office
115 S. LaSalle St.
Chicago, Illinois 60603

Dated: August 3, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Viola Trebicka*
Andrew H. Schapiro (Ill. Bar No. 6209041)
andrewschapiro@quinnemanuel.com
Tyler C. Murray (Ill. Bar No. 6274108)
tylermurray@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400 (phone)

(312) 705-4001 (fax)

Viola Trebicka (admitted *pro hac vice*)
violatrebicka@quinnemanuel.com
Moon Hee Lee (admitted *pro hac vice*)
moonheelee@quinnemanuel.com
Eli Pales (admitted *pro hac vice*)
elipales@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (phone)
(213) 443-3100 (fax)

*Attorneys for Defendants*
*Alphabet, Inc. and Google LLC*