**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL MARIN, PHILIP ROGERS, ALISON FLOWERS, ROBIN AMER, LINDSEY DORCUS, YOHANCE LACOUR, and VICTORIA NASSIF, each individually and on behalf of all others similarly situated, | ) | Case No. 1:26-cv-05436 |
| | ) | Hon. April M. Perry |
| Plaintiffs, | ) | |
| v. | ) | |
| ALPHABET, INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs respectfully move for leave to file the short sur-reply attached as Exhibit A. In support, Plaintiffs state:

1. Google filed its reply in support of its motion to dismiss on September 21, 2026, together with a new declaration of counsel and a new exhibit. (Dkt. 32 ("Reply"); Dkt. 32-1; Dkt. 32-2.)

2. The Reply offers new evidence. Exhibit D is a copy of Google's Cloud Data Processing Addendum "as of September 21, 2026," which Google offers to defeat Count IV. (Dkt. 32 at 8; Dkt. 32-1 ¶ 3.) The Motion did not rely on the Addendum.

3. The Reply also advances new grounds for dismissal. The Motion's only argument against Count VII's unfairness theory was that it rises and falls with the biometric-collection allegations. (Dkt. 27-1 at 20.) The Reply argues for the first time that Count VII fails the

*Robinson* factors, pleads competitor rather than consumer injury, and pleads no actual pecuniary loss. (Dkt. 32 at 10–11.) And the Motion did not argue that Count VIII lacks future injury; the Reply does, on Article III grounds. (*Id.* at 12.)

4. Finally, the Reply rests several arguments on accounts of the Complaint, the Opposition, and two decisions it cites for the first time that their text does not support. It:

(a) quotes Complaint ¶ 56 with a bracketed substitution that changes the allegation's object, and builds its conflict-preemption argument on the altered text (Dkt. 32 at 13);

(b) states that Plaintiffs do not allege that the accused models' voices sound like them (*id.* at 18);

(c) describes the Opposition as accepting Google's First Amendment premises, as "misrepresent[ing]" *Angelilli*, and as conceding that Counts VI through IX rest on outputs (*id.* at 15–17, 19); and

(d) describes *Sinatra v. Goodyear Tire & Rubber Co.*, 435 F.2d 711 (9th Cir. 1970), and quotes *Lynch Ford, Inc. v. Ford Motor Co.*, 957 F. Supp. 142 (N.D. Ill. 1997), in terms those opinions do not bear out (*id.* at 12, 14).

Plaintiffs had no occasion to address these statements before the Reply made them.

5. The Reply also advances two grounds for dismissal that the Motion did not make, and the proposed sur-reply does not address them:

(a) that Counts VI, VII, and IX are preempted as disputes over authorship or attribution (Dkt. 32 at 14–15, citing *Fergon Architects LLC v. Oakley Home Builders, Inc.*, 2014 WL 340035 (N.D. Ill. Jan. 30, 2014)), a reverse-passing-off theory the Motion applied only to Count VIII (Dkt. 27-1 at 23–24); and

(b) that the Section 30(e) safe harbor requires dismissal of Count VI (Dkt. 32 at 10), which the Motion invoked only as a less restrictive alternative in its constitutional challenge to Section 30(b) (Dkt. 27-1 at 30).

Grounds for dismissal first presented in a reply are waived. *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Plaintiffs identify these arguments so the record is clear and rest on the waiver and the Opposition, which already addresses their substance. (Dkt. 31 at 14–18, 26–27.)

6. When a reply raises a new legal theory or new evidence as a basis for dismissal, the non-movant must have a chance to respond. "Due process . . . requires that a plaintiff be given an opportunity to respond to an argument or evidence raised as a basis to dismiss his or her claims." *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (holding that the district court should have granted leave to file a sur-reply addressing a new theory and new evidence first offered in reply).

7. The proposed sur-reply is confined to the matters identified in paragraphs 2 through 4. Plaintiffs stand on their Opposition (Dkt. 31) for all other issues and seek no other relief. In the alternative, Plaintiffs ask the Court to disregard the new grounds for dismissing Count VII.

8. Before filing this motion, on September 29, 2026, Plaintiffs' counsel asked Google's counsel whether Google objects to this motion. Google informed Plaintiffs' counsel on September 30, 2026 that "Google takes no position on this request."

9. No party is prejudiced. The motion to dismiss is fully briefed but undecided, and the proposed sur-reply is eight pages.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the sur-reply attached as Exhibit A instanter.

Dated: October 1, 2026

Respectfully submitted,

LOEVY & LOEVY

/s/ Ross Kimbarovsky

Ross Kimbarovsky (6229590)
ross@loevy.com
Jon Loevy (6218524)
jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902ax)

*Attorneys for Plaintiffs Carol Marin, Philip Rogers, Alison Flowers, Robin Amer, Lindsey Dorcus, Yohance Lacour, and Victoria Nassif.*